IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHERI E. DANIELS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-1543-L** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a social security case. Plaintiff Sheri E. Daniels ("Plaintiff" or "Daniels") filed this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), who denied her application for disability benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Paul D. Stickney, for review and submission of proposed findings of fact and recommendation for disposition. On August 1, 2007, the magistrate judge filed his Findings, Conclusions and Recommendations (the "Report"), in which he recommended that the court affirm the Commissioner's decision and dismiss Plaintiff's Complaint. Plaintiff filed timely objections to the Report.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's Objections, the court determines that, as set forth fully below, the magistrate judge's finding that remand is not warranted is incorrect.

Accordingly, the court **rejects** such findings and **remands** this case to the Commissioner for further proceedings consistent with this opinion and order.

## I.      Factual and Procedural Background

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for disability benefits under Title II of the Social Security Act.  On May 2, 2001, Daniels filed an application for Social Security disability benefits, alleging disability due to steroid-dependent asthma, diabetes, and hypertension.  On February 7, 2005, the Administrate Law Judge ("ALJ") held a hearing on Daniels's application, and she personally appeared and testified.  The ALJ issued an unfavorable decision on February 25, 2005.  Daniels filed a request for review of this decision, and the Appeals Council denied her request on August 3, 2005.  The ALJ's decision, therefore, became the final decision of the Commissioner.  Plaintiff filed this action on August 4, 2005, pursuant to 42 U.S.C. § 405(g), contending that the Commissioner's determination that she was not entitled to disability benefits was not supported by substantial evidence on the entire record.

## II.     Analysis

### A.      Legal Standard

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993).  Substantial evidence is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)).  It is more then a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir.

1989).  The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings.  *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).  A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision.  *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005).  If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met.  42 U.S.C. § 423(a).  The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months.  *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases.  *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991).  The hearing officer is required to ascertain:  (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and

residual functional capacity. 20 C.F.R. § 404.1520. In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**B.      The ALJ's Decision**

Pursuant to the five-step sequence required by 20 CFR § 303.1520, the ALJ found first that Daniels is not currently engaging in substantial gainful activity because she has not worked since May 2, 2001, the alleged onset date of disability. Tr. 14. The ALJ next concluded that Daniels has a severe impairment pursuant to the second step. *Id*. at 14-17. Under the third step, the ALJ concluded that Daniels's impairment does not meet or equal a listed impairment in Appendix 1 of the regulations. *Id*. at 17-18. At the fourth step, whether Daniels has the residual functional capacity to perform her past relevant work, the ALJ concluded that she did. *Id*. at 21-22. Accordingly, the ALJ did not reach the final step of the sequence, whether she has the residual functional capacity to perform other work. The ALJ concluded that Daniels was not disabled and therefore not entitled to disability insurance benefits. *Id*. at 22. At the hearing, Daniels and vocational expert Russell Bowden testified. *Id*. at 13. Daniels was represented by a non-attorney, Rich Gruchala. *Id*.

## C.    The Magistrate Judge's Report

Daniels appealed the ALJ's decision, arguing that the finding regarding her mental residual functional capacity is unsupported by expert medical opinion or any other substantial evidence. The ALJ held: "[t]he claimant is also limited to simple to detailed, not complex job instructions." Tr. 23. Daniels argues that this conclusion is inconsistent with the opinions of State agency medical consultants ("SAMCs") Jim Cox, Ph.D., and Robert Gilliland, M.D. Dr. Cox noted that Daniels "can understand, remember, & carry out only simple instructions, make simple decisions, attend & concentrate for short time." *Id*. at 406. This conclusion was affirmed by Dr. Gilliland. *Id*. Daniels argued that the ALJ also failed to apply the correct legal standard to these findings by the SAMCs and failed to explain the weight given to these opinions. Plaintiff contends that the opinions should have been granted due weight pursuant to 20 C.F.R. § 404.1527. Finally, Daniels argues that she was prejudiced by the ALJ's failure to apply the correct legal standard because had the ALJ accepted the SAMCs' opinions regarding her mental residual functional capacity, she would not have concluded that Daniels could perform her past relevant work, a semi-skilled occupation.

The magistrate judge affirmed the ALJ's decision. The magistrate judge first held that the ALJ's finding on Plaintiff's mental residual functional capacity was consistent with the opinions set forth by the SAMCs. Next, the magistrate judge found that the ALJ referenced the SAMCs' findings and cited these opinions in support of her finding that Plaintiff could return to her past work. The magistrate report concluded that the ALJ gave "due weight" to the opinions of the SAMCs and that Plaintiff was not prejudiced because the ALJ applied the correct legal standard and explained the weight given to the SAMCs' opinions. The Report also goes on to discuss the weight given to Plaintiff's treating physician's opinion, though this was not a ground for Daniels's appeal.

### D. Plaintiff's Objection

Daniels points to the magistrate judge's conclusion that the ALJ's finding of mental residual functional capacity is consistent with the SAMCs' opinions and argues that this finding is inconsistent with the ALJ's conclusion that Plaintiff can perform her past relevant work. Plaintiff agrees with the Report to the extent that the magistrate judge found that "the SAMCs' assessment verifies that Plaintiff possesses the ability to perform basic work activities that the ALJ refers to as unskilled work activities." Report 8. Daniels contends that this finding underscores an inconsistency in the ALJ's decision: if Plaintiff is limited to unskilled work activities, then the ALJ could not reasonably conclude that she could perform her prior semi-skilled work. Plaintiff argues that the ALJ's conclusion that she could perform semi-skilled work is therefore not supported by substantial evidence.

The court determines that there is an inconsistency in the ALJ's decision. In considering Plaintiff's mental residual functional capacity, the ALJ specifically considered the findings of the SAMCs and noted:

> [The SAMCs] found that the claimant's depressive disorder would not hinder her ability to perform **unskilled work**, which includes the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting.

Tr. 19 (emphasis added). The ALJ concluded that "the claimant retains the residual functional capacity to perform sedentary work activity in a climate controlled environment with no concentrated exposure to dusts, fumes, odors or gases. The claimant is also limited to **simple to detailed, not complex job instructions**." *Id*. at 21 (emphasis added). The ALJ notes that both of

Plaintiff's previous jobs as a customer service representative and a service representative are described in the Dictionary of Occupational Titles as "skilled, sedentary work." *Id*. at 22.

The court finds that there is not substantial evidence supporting the ALJ's ultimate conclusion that Daniels can perform "simple to detailed, not complex job instructions." *Id*. at 21. This finding is inconsistent with the conclusions of the SAMCs, but there is no explanation of why the ALJ rejected the SAMCs' opinion that Daniels is limited to "unskilled work." *Id*. at 19, 405. Pursuant to 20 C.F.R. § 404.1527(f)(ii):

> Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

*Id*. In this case, the treating physician's opinions were limited to Plaintiff's physical residual functional capacity. *Id*. at 21. There is no reference in the ALJ's decision to any opinion of Dr. Ibanez regarding Plaintiff's mental capacity, or whether Plaintiff is able to perform skilled work or follow instructions. *Id*.

Because the ALJ's decision is inconsistent with regard to the type of work and instructions of which Daniels is capable, the court determines that there is not substantial evidence supporting the ALJ's decision at step four that Plaintiff is able to perform her past relevant work. The court determines that Daniels has demonstrated prejudice due to the ALJ's conclusion that is inconsistent with the opinions of the SAMCs. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley v. Chater*, 67 F.3d 552, 557, n.22 (5th Cir.

1995).  The vocational expert ("VE") testified that a hypothetical individual limited to "simple one-

or two-step tasks" could not perform Plaintiff's past relevant work.  Tr. 474.  The VE also stated that

a hypothetical individual with various limitations, including the ability to perform "simple to

detailed, but not complex tasks" could perform Plaintiff's past relevant work.  *Id*. at 475.  The ALJ's

decision does not explain the basis for the conclusion that Plaintiff could perform "simple to

detailed, but not complex tasks," and there is no evaluation of step five, whether Plaintiff could

perform other work.  Accordingly, the court must remand this case to the ALJ to explain why she

rejected the SAMCs' opinion about Plaintiff's mental residual functional capacity or to perform the

analysis at step five.

## III.    Conclusion

For these reasons, the court **sustains** Plaintiff's objections to the magistrate judge's finding

that remand is not warranted in this case.  Daniels has shown that the ALJ failed to explain why she

rejected the SAMCs' opinions as to her mental residual functional capacity  as required by 20 C.F.R.

§ 404.1527(f), and the conclusion that she is able to perform her past relevant work is not supported

by substantial evidence.  Accordingly, the court **rejects** the magistrate judge's conclusion that

remand is not warranted, **reverses** the final decision of the Commissioner denying disability

benefits, and **remands** this case to the Commissioner for further proceedings consistent with this

opinion and order.

**It is so ordered** this 11th day of March, 2008.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge