# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SHERI DANIELS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1543-L |
| § | ECF |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's Order (doc. 26), Plaintiff's "Motion for Attorney Fees and Court Costs Under the Equal Access to Justice Act and Supporting Brief" (doc. 25) and Plaintiff's "Motion to Amend Plaintiff's Motion for Attorney Fees and Court Costs Under the Equal Access to Justice Act to Include Additional Attorney Services Required to Litigate Such Motion" (doc. 30) have been referred to the United States Magistrate Judge for hearing, if necessary, and determination. Both motions have been fully briefed and are ripe for review.

## I.

Plaintiff Sheri Daniels ("Plaintiff") protectively filed an application for Title II benefits on July 16, 2002, alleging disability since May 2, 2001 due to asthma, diabetes, hypertension, and reduced lung capacity. (Tr. 83–85, 96–99, 101.) On February 7, 2005, a hearing was held before an Administrative Law Judge ("ALJ"). (Tr. 453–83.) The ALJ determined that while Plaintiff's diabetes mellitus, hypertension, asthma, and depression were severe impairments, they did not meet or equal a listed impairment. (Tr. 17, 23.) The ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work activity in a climate-controlled environment with no

concentrated exposure to dusts, fumes, odors, or gases. (Tr. 21, 23.) She was also limited to simple and detailed, but not complex job instructions. (*Id.*) The ALJ concluded that Plaintiff was capable of performing her past relevant work which was semi-skilled, and therefore, was not disabled. (Tr. 23.)

Plaintiff brought this action, appealing the ALJ's decision, on August 2, 2005. (Doc. 1.) On August 1, 2007, this Court recommended affirming the Commissioner's decision. (Doc. 21.) On March 31, 2008, the District Court declined to adopt this Court's recommendation, reversed the final decision of the Commissioner, and remanded the case for further proceedings. (Doc. 23, 24.) Plaintiff now seeks attorney fees under the Equal Access to Justice Act ("EAJA") and also seeks to amend her motion to include the time she spent preparing the reply brief.

## II.

The EAJA provides that a court can properly award attorney fees to a claimant against the Government if "(1) the claimant is a 'prevailing party'; (2) the Government's position was not 'substantially justified'; and (3) there are no special circumstances making an award unjust." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). Defendant does not dispute the existence of the first or third elements. Defendant argues that its position was "substantially justified." In support of this argument, the Commissioner relies primarily upon statements by this Court in the Findings, Conclusions, and Recommendation that the District Court did not adopt. (Response at 6-9.) Defendant states that "the fact that the U.S. Magistrate Judge recommended that the Court affirm the Commissioner's decision supports the Commissioner's contention that the Agency's position was reasonable," citing *Davidson*, 317 F.3d at 506, citing *Spawn v. W. Bank-Westheimer*, 989 F.2d 830, 840 (5th Cir. 1993). However, in *Davidson*, the Fifth Circuit Court of Appeals pointed out that

2

in *Spawn*, it "explicitly rejected the argument that [its] interpretation of the law on appeal was dispositive on the issue of whether the Government was substantially justified. *Spawn*, 989 F.2d at 840. In fact, "whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C § 2412(d)(1)(B). The fact that one court agreed or disagreed with the Commissioner does not establish that a position is substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 569 (1998). Several appellate courts have awarded attorney fees despite the fact that another court had agreed with the Commissioner. *See e.g. Howard v. Barnhart*, 376 F.3d 551, 552 (6th Cir. 2004); *see also Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). Here, the fact that the United States Magistrate Judge agreed with the Commissioner is not enough to show that the Commissioner's position was substantially justified.

During the administrative proceeding, at the fourth step of the five-step sequential process, i.e., whether Plaintiff has the residual functional capacity to perform her past relevant work, the ALJ concluded that she did. The ALJ decided that Plaintiff was not disabled and therefore not entitled to disability insurance benefits. (Tr. 22.) At the hearing Plaintiff and vocational expert Russell Bowden testified. (*Id*. 13.) On appeal, Plaintiff argued that the finding regarding her mental residual functional capacity is unsupported by expert medical opinion or any other substantial evidence. The ALJ held: "[t]he claimant is also limited to simple to detailed, not complex job instructions." (Tr. 23.) Plaintiff urged that the ALJ's conclusion is inconsistent with the opinions of State agency medical consultants ("SAMCs") Jim Cox, Ph. D., and Robert Gilliland, M.D. Dr. Cox found that Plaintiff "can understand, remember, & carry out only simple instructions, make

3

simple decisions, attend & concentrate for a short time." (*Id.* 406.) This conclusion was confirmed by Dr. Gilliland. (*Id.*) In other words, The SAMCs concluded that Plaintiff had the mental residual functional capacity to perform unskilled work. Plaintiff argued that the ALJ failed to apply the correct legal standard to the SAMCs' findings and failed to explain the weight given these opinions in compliance with 20 C.F.R. § 404.1527. Plaintiff claims she was prejudiced because if the ALJ had accepted the SAMCs' opinions regarding her mental residual functional capacity, the ALJ would not have concluded that Plaintiff could perform her past relevant work, semi-skilled occupations, when there was no evidence to support the ALJ's conclusions that she could perform "simple to detailed, but not complex tasks." The ALJ did not proceed to step five to determine if there was other work in the national and local economies that Plaintiff could perform. The agency position that Plaintiff is not disabled was not substantially justified because the ALJ failed to explain why she rejected the SAMCs' opinions as to Plaintiff's mental residual functional capacity as required by 20 C.F.R. § 404.1527(f). Further, the ALJ's conclusion that Plaintiff is able to perform her past relevant semi-skilled work is not supported by substantial evidence. Additionally, the Commissioner's legal positions on appeal were not substantially justified given the record in this case, even though the Commissioner prevailed at the recommendation level.

As the Fifth Circuit Court of Appeals recognized in *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988), although "a finding that the ALJ's decision is unsupported by substantial evidence does not automatically mandate an award of attorney fees under the EAJA," if the case "lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, the absence of support for the [Commissioner's] decision is at once an absence of justification for [his] position." *Id.*, citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986).

4

This case neither turned on evidentiary ambiguities nor involved novel legal principles. In sum, the Commissioner has not met its burden to show that substantial justification supports its position. Accordingly, the Court finds that Plaintiff is entitled to reasonable attorney fees pursuant to the EAJA and recommends that the District Court grant the attorney fees Plaintiff requests.

Defendant does not challenge the reasonableness of Plaintiff's attorney's fees. Plaintiff has also filed a Motion to Amend Plaintiff's Motion for Attorney Fees and Court Costs under the Equal Access to Justice Act to Include Additional Attorney Services Required to Litigate Such Motion (doc. 30). Defendant has not objected to this motion and the time to do so has expired.

### Recommendation

This Court recommends that the District Court **GRANT** both Plaintiff's motion for attorney fees, and motion to amend Plaintiff's motion for attorney fees. The Court also recommends that the District Court award Plaintiff $9,082.06 for 56.4 hours of attorney services, plus costs of $304.60 and expenses of $41.28, for a total award of $9,427.94.

**SO RECOMMENDED,** August 11, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).